IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| YVONKIA L. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 15-3057 |
| | ) | |
| SPRINGFIELD POLICE | ) | |
| DEPARTMENT/KENNETH D. | ) | |
| WINSLOW, OFC. CHANCE | ) | |
| WARNISHER and OFC. AMY | ) | |
| MADDOX, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending is the Motion to Dismiss the City of Springfield and Kenneth

D. Winslow as Defendants.

Yvonkia L. Stewart has filed a Pro Se Civil Rights Amended

Complaint pursuant to 42 U.S.C. § 1983.  The Plaintiff alleges that

Defendant Kenneth D. Winslow, Chief of Police with the Springfield Police

Department, violated her rights based on his failure to hold other police

officers accountable for rules violations that she claims caused her injuries.

The Plaintiff further contends there were policy violations of the rules and regulations of the Springfield Police Department.

At this stage, the Court accepts as true all of the facts alleged in the Complaint and draws all reasonable inferences therefrom. See Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. See id. The complaint must do more than assert a right to relief that is "speculative." See id. However, the claim need not be probable: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." See Independent Trust Corp. v. Stewart Information Services Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "To meet this plausibility standard, the complaint must supply 'enough fact

to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id.

Section 1983 does not allow for respondeat superior liability. See Ball v. City of Indianapolis, 760 F.3d 636, 643 (7th Cir. 2014). A violation of the plaintiff's rights must be based on a municipal custom or policy in order to hold the entity liable. See id. This can include: "(1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." League of Women Voters of Chicago v. City of Chicago, 757 F.3d 722, 727 (7th Cir. 2014).

The Plaintiff's claim against the City of Springfield is that the Police Department violated its own rules and regulations. Even when these allegations are accepted as true, the Court holds that the Plaintiff has failed to assert a claim against the City that involves a constitutional deprivation under section 1983.

The Plaintiff's claim against Chief Winslow essentially is that he did

not favorably resolve her Internal Affairs charge against two officers. The Court concludes this assertion does not allege the violation of a constitutional right.

Ergo, the Motion to Dismiss of Defendants City of Springfield and Kenneth D. Winslow [d/e 7] is ALLOWED.

The claims asserted against the City of Springfield and Kenneth D. Winslow are Dismissed with Prejudice. The Clerk will terminate the City of Springfield and Kenneth D. Winslow as parties.

This action is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of scheduling a discovery conference.

ENTER: May 28, 2015

       FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge
