IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| YVONKIA STEWART, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No.  15-cv-3057 ) |
| CHANCE WARNISHER and AMY L. MADDOX, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

BEFORE U.S. MAGISTRATE JUDGE TOM SCHANZLE-HASKINS:

Before the Court is pro se Plaintiff Yvonkia Stewart's (Plaintiff) Motion to Substitute the Judge for Cause (d/e 24).   For the reasons stated below, the Plaintiff's motion is denied.

## Background

The Plaintiff has filed a Complaint alleging that Springfield Police Officers Chance Warnisher and Amy L. Maddox have violated the Plaintiff's civil rights. The Defendants have filed a Motion for Summary Judgment (d/e 21) which is currently pending before the Court.   Plaintiff has been granted an extension of time in which to respond to the Defendants' summary judgment motion.

The Plaintiff has filed a Motion to Substitute the Judge for Cause (d/e 24) claiming that the undersigned, U.S. Magistrate Judge Tom Schanzle-Haskins, was "one of the presiding judges" over Plaintiff's Social Security case filed in Federal Court under docket number 3:14-cv-03265-SEM-TSH (Social Security case). The Plaintiff alleges that the Social Security case is currently on appeal before the U.S. Court of Appeals as Case No. 16-2284, and the Plaintiff, due to a conflict of interest, does not feel she will be free from prejudice in this case as the nature of her injuries in this case are directly related to Plaintiff's physical and functional limitations which were presumably addressed in her Social Security case.

**Analysis**

Plaintiff seeks substitution of the Magistrate Judge in this case based on three legal grounds. First, Plaintiff indicates that she is entitled to substitution of judge under 735 ILCS 5/2-1001. The law cited is a statute regarding substitution of Judges in the Courts of the State of Illinois. This statute is not applicable to proceedings in Federal Court.

Plaintiff also asserts that she is entitled to substitution of judge under 28 U.S.C. §455, which deals with the disqualification of justice, judge, or magistrate judge in federal proceedings. The pertinent portion of that statute for purposes

of this motion is subsection (a), which provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In the Plaintiff's Social Security case, Case No. 3:14-cv-03265, the undersigned was the Magistrate Judge assigned to the case and U.S. District Judge Sue E. Myerscough was the District Judge assigned to the case.   A review of the docket in that case indicates that the undersigned Magistrate Judge took the following actions in the Plaintiff's Social Security case:

A)   Allowed Plaintiff's petition to proceed pro se without prepayment of fees and allowed Plaintiff's motion for appointment of pro bono counsel (Text Order, 9/17/2014, d/e 7, Case #14-3265);

B)   Allowed defendant in the case an extension of time to file its answer (Text Order, 2/12/2015, Case #14-3265);

C)   Allowed pro bono counsel's motion to withdraw (Text Order, 2/12/2015, Case #14-3265);

D)   Directed Plaintiff to file her motion for summary judgment by April 20, 2015 (Text Order, 3/20/2015, Case #14-3265);

E)   Entered Order advising the parties of their ability to consent to the Magistrate Judge to be presiding Judge in the case (d/e 21, Case #14-3265)

*(Note: no signed consent form was received by the Clerk from either party)*; and,

F) Allowed the defendant in the case extensions of time to respond to Plaintiff's motion for summary judgment (Text Orders, 7/20/2015, 8/18/2015, Case #14-3264).

The motions for summary judgment in Plaintiff's Social Security case were ruled upon by U.S. District Judge Sue E. Myerscough in a written Opinion (d/e 30, Case #14-3265). An appeal was then taken by the Plaintiff.

Based upon the above recitation of the activity of the undersigned in Plaintiff's Social Security case, it is clear that no ruling was made by the undersigned Magistrate Judge on the merits of the Plaintiff's challenge of her denial of Social Security benefits or on the nature and extent of any injuries or physical conditions of the Plaintiff which might be of issue in this case. The merits of Plaintiff's Social Security case were addressed solely by Judge Myerscough. Consequently, there is no reasonable basis to question the impartiality of the undersigned Magistrate Judge due to his participation in the Social Security case as his only actions had to deal with extensions of time and appointment and withdrawal of pro bono counsel.

Plaintiff also cites <u>Marshall v. Jerrico, Inc.</u>, 446 U.S. 238, 100 S.Ct. 1610 (1980) in support of her motion. The holding of the Supreme Court in <u>Jerrico</u>

has no application in this case. In Jerrico, the issue was whether the possibility that an assistant regional administrator of the Department of Labor who assessed fines would have his judgment distorted by the prospect of institutional gains when the fines were returned to the Department of Labor which employed him. The Court determined that this factual pattern did not violate the due process clause of the United States Constitution.

None of the legal propositions asserted by the Plaintiff in this case provide any basis for an order requiring a different judge be substituted in this case.

## Conclusion

IT IS THEREFORE ORDERED that pro se Plaintiff Yvonkia Stewart's Motion to Substitute the Judge for Cause (d/e 24) is DENIED.

ENTERED: January 19, 2016

__s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE